IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Neuroscience Advanced Systems, Inc., a )
New York Corporation, )
)
      Plaintiff, )
)
) Case No. 22-cv-06847
Eugene Lipov and Lipov Medical S.C. )
d/b/a Stella Center, )
)
      Defendant. )

**DEFENDANTS, EUGENE LIPOV AND LIPOV MEDICAL S.C. D/B/A STELLA CENTER'S, MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Eugene Lipov ("**Lipov**") and Lipov Medical S.C. d//b/a Stella Center ("**Stella**"), (collectively, "**Defendants**"), through their undersigned counsels, Paul M. Bach and Penelope N. Bach of Bach Law Offices, Inc., hereby submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Complaint ("**Compl**." and/or "**Complaint**") pursuant to Fed. R. Civ. P. 12(b)(6). In support of their Motion, Lipov and Stella state the following:

## INTRODUCTION

Plaintiff's factually bare Complaint fails to state a claim upon which relief can be granted. This action was initially filed in the Circuit Court of Cook County and removed to this Court by filing of a Notice of Removal on November 6, 2022. The Complaint unsuccessfully sketches three claims that relate to a Shareholders Agreement, attached to the Complaint, which is governed by New York law. While the pleading is unclear, Count One-Constructive Trust and Accounting appears to be directed at both Lipov and Stella, whereas Count Two-Breach of Fiduciary Duty and Count Three-Breach of Contract are lodged solely against Lipov.

1

Plaintiff's constructive trust and accounting claims against Lipov should be dismissed because, in addition to bare allegations, New York law precludes these equitable remedies where the parties' relationship is governed by a written instrument (the Shareholders Agreement), which provides an adequate remedy a law.[1] Plaintiff also fails to plausibly plead the elements of a breach of contract and fiduciary duty claims against Lipov. The equitable claims should also be dismissed against Stella because Plaintiff has not plausibly pled the claim elements, including that Stella, a stranger to the Shareholders Agreement, owed Plaintiff a fiduciary duty.

Finally, Plaintiff pled part of a conversation reduced to writing, but omitted that in that conversation and writing, Lipov resigned as a shareholder, director, and officer of Plaintiff, rendering certain Complaint allegations unviable. Lipov no longer owed a fiduciary duty to Plaintiff, such that Defendants' motion to dismiss should be granted in its entirety.

## ALLEGATIONS OF THE COMPLAINT

According to the Complaint, Plaintiff is a New York Corporation, incorporated in September 2016. (Compl. ¶ 1). In or about February 2018, Plaintiff, Lipov, and Phillip A. DeFina ("**DeFina**") entered into a Shareholders Agreement (the "**Agreement**"), that is attached to the Complaint. (Id. ¶ 5). Plaintiff alleges that Lipov is a licensed physician in the State of Illinois, a resident of Cook County, (*Id*. ¶ 2), and that he is a 30% shareholder of the Plaintiff (which is closely held with only two shareholders) with DeFina owning the remaining 70% of the outstanding shares. (*Id*. ¶ 4). Further, Stella was incorporated in February 2020 and Lipov is the President, Secretary, and a shareholder of Stella. (*Id.* ¶ 4).

Plaintiff alleges that while the Agreement was in effect, Lipov and Defina were officers

---

[1] While certain provisions of the Agreement are unenforceable, Plaintiff alleged and Defendants do not challenge that Plaintiff and Lipov's relationship is governed by the Agreement.

and directors of the Plaintiff. (Compl. ¶ 6). Plaintiff pled that, "in or about 2019, Lipov informed Defina that he was going to create a competing company…" (Compl. ¶ 6). As a consequence of this pleading, Plaintiff refers to an oral agreement to modify the Agreement, that was intended to be formalized in a written letter sent from Lipov to DeFina on July 8, 2019, in which Lipov informed DeFina of the new company. The July 8, 2019, letter is attached as an Exhibit.

Plaintiff omits the July 8, 2019, letter because it demonstrates that Lipov resigned as a shareholder, director and officer of Plaintiff, thereby invalidating certain allegations of fiduciary duty and marking the end of Plaintiff conducting business. Plaintiff alleges DeFina procured Mike Modica as a potential investor for Plaintiff, and that Lipov caused Modica not to invest with Plaintiff but Modica invested with Stella, which was not incorporated until 2020. (Compl. ¶¶ 14-16). Plaintiff ignores the July 8, 2019, letter as Lipov was no longer a shareholder, officer, or director as of July 8, 2019, and there is no basis to impart fiduciary liability to Lipov.

Plaintiff's Complaint concludes with naked allegations that Lipov disclosed and Stella used and continues to use (with knowledge) some unspecified confidential information of Plaintiff's to treat patients. (Compl. ¶¶ 14-16). Further, Plaintiff lodges claims based on an unenforceable "best efforts" clause and an unenforceable restrictive covenant, seeking to prevent Lipov from working in his chosen medical field anywhere in the world for three years. In sum, Plaintiff allegations are factually bare, legally deficient, and fail to support a claim upon which relief can be granted. This case should be dismissed pursuant to Fed. R. Civ. Pro 12)b)(6).

## **LEGAL STANDARD**

A motion to dismiss under Fed.R.Civ.Pro 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir. 1997). "Rule 8(a)(2) prescribes

what a pleading must show; *Twombly* and *Iqbal* clarify that rule's demands. A complaint must include facts showing a plausible—not merely 'conceivable'—entitlement to relief." *Taha v. International Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When a complaint's facts 'do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679) (quoting Fed. R. Civ. P. 8(a)(2)). "[A] complaint must plead 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (quoting *Iqbal*, *supra*) (quoting *Twombly*, 550 U.S. at 557 (internal brackets omitted by the court). "In keeping with these principles, when considering the viability of a claim in the face of a Rule 12(b)(6) challenge, [the court] may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Id*. (citing, *inter alia*, *Iqbal*, 556 U.S. at 678, 681; *Twombly*, 550 U.S. at 555.

## ARGUMENT

**I. THE COURT SHOULD APPLY NEW YORK LAW.**

At its core, Plaintiff faulty Complaint is based on the Agreement, which is to be construed and governed by New York law. (ECF No. 1-1, Page ID #25). Illinois courts respect contractual choice-of-law clauses if the contract is valid, and the law chosen is not contrary to Illinois's fundamental public policy. *Thomas v. Guardsmark, Inc.*, 381 F3d 701, 706 (7th Cir 2004). The court will respect a choice of law clause unless "the contract's legality is fairly in doubt, unconscionable, or if there is some other issue as to [its] validity …" *Patterson v. Respondus, Inc.*, 593 F. Supp 3d 783, 808 (N.D. Ill. 2022).

Here, Plaintiff pled a valid contract, and cannot dispute that New York Law applies to Lipov. Therefore, the Court should apply New York law to all claims against Lipov. Stella is not a party to the Agreement and the Court might be inclined to apply the forum law of Illinois to Stella. However, the Agreement is to be construed under New York law, and under New York law, "a third-party beneficiary, [] a successor in interest, or an entity that owns or is owned by the signatory may invoke such a provision even though not a party to the contract." *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,* 2012 I.L. App (2d) 110729, ¶ 8, 981 NE2d 1, 5, as mod on denial of reh (Dec. 7, 2012) (citing *Sealord Marine Co. v. American Bureau of Shipping*, 220 F.Supp.2d 260, 270 (S.D.N.Y.2002)). Plaintiff alleges "Lipov [a signatory to the agreement] is [] a shareholder of Stella" and "president" of Stella which is sufficient to allow this Court to apply New York law to Stella. (Compl. ¶¶ 14-16). As Illinois supports choice of law in valid contracts, this dispute arises from an Agreement with a New York Corporation, and Stella is owned by Lipov, New York Law applies to Stella and New York law is proper for all parties.

## II. COUNT I SHOULD BE DISMISSED WITH PREJUDICE.

### A. Law Regarding Constructive Trust and Accounting

Under New York law, to obtain a constructive trust, a party is generally required to plead and establish four elements, by clear and convincing evidence: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment flowing from the breach of the promise. *Sanxhaku v. Margetis*, 151 A.D.3d 778, 779 (N.Y. App. Div., 2d Dep't 2017) (defendant failed to establish by clear and convincing evidence that the plaintiff made any express or implied promise to induce her to make the subject property transfer).

Under New York law, "a written agreement precludes a finding of unjust enrichment—[and that] also applies to constructive trust claims." *In re First Cent. Fin. Corp.,* 377 F3d 209,

213 (2d Cir. 2004). "[A] constructive trust should not be imposed unless it is demonstrated that a legal remedy is inadequate." *Bertoni v. Catucci*, 117 A.D.2d 892, 498 N.Y.S.2d 902, 905 (NY App. Div., 3d Dep't, 1986). A constructive trust is "fraud-rectifying" rather than "intent-enforcing." *Bankers Sec. Life Ins. Soc'y*, 49 N.Y.2d at 940, 428 N.Y.S.2d 623, 406 N.E.2d 440 (N.Y. Ct. of Appeals 1980).

Under Illinois law AND SIMILAR TO New York law, a constructive trust is an equitable remedy available to redress unjust enrichment. *National Union Fire Insurance Co. of Pittsburgh, PA v. DiMucci*, 2015 IL App (1st) 122725, ¶ 75. A constructive trust is imposed for (1) actual or constructive fraud; (2) a fiduciary duty and subsequent breach of that duty; or (3) duress, coercion, or mistake. *Id*. ¶ 77. That is," '[w]hen a person has obtained money to which he is not entitled, under such circumstances that in equity and good conscience he ought not retain it, a constructive trust can be imposed to avoid unjust enrichment.'" *Id*. ¶ 76 (quoting *Smithberg v. Illinois Municipal Retirement Fund*, 192 Ill.2d 291, 299 (2000)).

Similar to Constructive trust, under New York law, the elements of an equitable accounting are (1) a fiduciary or confidential relationship, (2) money or property entrusted to the defendant imposing the burden of an accounting, (3) the absence of a legal remedy and (4) in some cases, a demand, and a refusal. *Metro. Bank & Tr. Co. v. Lopez,* 189 AD3d 443, 446, 137 N.Y.S.3d 319 (N.Y. App. Div. 1st Dep't 2020). With respect to the third element of an accounting claim - whether there is no adequate remedy at law -, New York courts have held that "an equitable accounting claim cannot coexist with a breach of contract claim covering the same subject matter. *Associated Mtge. Bankers, Inc. v Calcon Mut. Mtge. LLC*, 159 F Supp. 3d 324, 340 (E.D.N.Y. 2016). See also *83 Causes of Action 2d 455* (Originally published in 2018).

Under Illinois Law, "An accounting is a statement of receipts and disbursements to and

6

from a particular source." *Devyn Corp. v. City of Bloomington*, 2015 IL App (4th) 140819, ¶ 71. "The right to an accounting is not an absolute right, but one which should be accorded only on equitable principles." *Tarin v. Pellonari,* 253 Ill. App. 3d 542, 555 (1993). Because the need for an accounting is dependent on the particular facts of each case, there are no guidelines for determining when an accounting is warranted. *Id*. To state a cause of action for an accounting, "the complaint must establish that there is no adequate remedy at law and one of the following: (1) a breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." (Internal quotation marks omitted.) *Landers v. Fronczek*, 177 Ill. App. 3d 240, 245 (1988). A trial court will not order an equitable accounting where doing so would be unnecessary. *Devyn Corp.*, 2015 IL App (4th) 140819, ¶ 71; see *Tarin*, 253 Ill. App. 3d at 555 ("[I]t is axiomatic that an accounting will not be ordered if the circumstances are such as to make it unnecessary or *Tufo v. Tufo*, 2021 IL App (1st) 192521 (Ill. App. 2021) improper."). The plaintiff bears the burden of establishing that he has the right to an accounting. *Tarin*, 253 Ill. App. 3d at 555.

1.  *Count I Against Stella Should Be Dismissed*

Under New York law, Plaintiff has not and cannot allege a fiduciary relationship between Stella, or that anything was entrusted to this entity, as it is a separate and distinct corporation (that was created after the Agreement was signed) (Compl. ¶ 3). Additionally, there are no allegations in the Complaint to suggest a piercing of the corporate veil as to Stella. *See, e.g., First Clover Leaf Bank v Bank of Edwardsville*, 5-12-0440, 2014 W.L. 6612947, at *4 (Ill App. Ct. Nov. 21, 2014] ("there is no evidence in the record that meets the requirement of piercing a corporate veil…"); *American Fuel Corporation v. Utah Energy Development Company*, 122 F.3d 130, 134 (2d Cir.1997) (there must be "dominion over the corporation" and

"dominion was to commit a fraud or wrong that injured the party").

Plaintiff also does not allege in the Complaint a promise nor was there a promise by Stella to Plaintiff, nor an allegation of a transfer to Stella (a/k/a Lipov Medical) or unjust enrichment as a result. The court should remember that "[A]n accounting is an equitable remedy," *Greene v Mizuho Bank, Ltd.,* 206 F Supp 3d 1362, 1378 (N.D. Ill 2016) (citing *George v. Kraft Foods Global, Inc.,* 641 F.3d 786, 801 n. 12 (7th Cir.2011)). Plaintiff has not stated in the Complaint that it has no adequate remedy at law which is a requirement for any equitable remedy to apply no matter if it is New York or Illinois Law at issue. In sum, as to Stella, there is no allegation of fiduciary duty, no fraud, no mutual accounts and as a result no cause of action. Count I and Stella should be dismissed with prejudice from this lawsuit.

### 2. *Count I Against Lipov Should Be Dismissed*

First, Plaintiff alleges and in fact the Agreement controls the relationship between Lipov and Plaintiff. (Compl. ¶ 5). As such, Plaintiff has a remedy at law through a breach of contract claim against Lipov (albeit faulty) and the constructive trust and accounting claims should be dismissed under New York law. *In re First Cent. Fin. Corp.*, 377 F3d 209, 213 (2d Cir. 2004) (constructive trust); *Associated Mtge. Bankers, Inc. v. Calcon Mut. Mtge. LLC,* 159 F. Supp. 3d 324, 340 (E.D.N.Y. 2016) (accounting).

Second, under New York law, officers of the corporation and shareholders of a close corporation owe each other a duty to act in good faith (basically a fiduciary duty). *Matter of Cassata v. Brewster-Allen-Wichert, Inc*., 248 A.D.2d 710, 711 (NY App. Div.2d Dept 1998). However, Plaintiff has failed to plead a specific promise and transfer in reliance thereon as required by the caselaw above. Failure to plead a specific promise and transfer in reliance thereon as required by the case law means there is no viable cause of action as to Lipov. In sum,

Count I against Lipov should be dismissed in its entirety.

## C. COUNT II SHOULD BE DISMISSED WITH PREJUDICE

### A. New York Law Concerning Breach of Fiduciary Duty

Under New York law, to plead a breach of fiduciary duty, a plaintiff must allege (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages that were directly caused by the defendant's misconduct" *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590, 835 N.Y.S.2d 644 (NY App. Div. 2d Dep't 2007). In general, the shareholders of a close corporation owe each other a duty to act in good faith. *Matter of Cassata v Brewster-Allen-Wichert, Inc*., 248 AD2d 710, 711 (2d Dept 1998). Directors of a corporation "owe a fiduciary responsibility to the shareholders in general and to individual shareholders in particular to treat all shareholders fairly and evenly" *Armentano v. Paraco Gas Corp*., 90 AD3d 683, 685 (2d Dept 2011). As discussed below, each basis upon which Plaintiff predicates its breach of fiduciary duty claim fails to set forth a plausible claim as a matter of law.

#### *1. Confidential Information*

First, Plaintiffs Complaint makes naked allegations of a breach of fiduciary duty based on disclosure and/or use of confidential information, without alleging the specific confidential information allegedly disclosed, how it was used, and precisely how Plaintiff has been damaged. (**Compl.** ¶ 20(b)). On this omission alone, the court should dismiss Count II of the Complaint. *Gordon v Dino De Laurentiis Corp.,* 141 A.D.2d 435, 436 (NY App. Div. 1st Dep't 1988) (plaintiff did not identify any confidential information or how the company was damaged – dismissal granted). The Shareholder Agreement states,

> The Corporation possesses, and will possess, Confidential
> Information (as hereinafter defined) regarding its treatments of
> PTSD and the development of certain treatment protocols
> treatment and measurement of PTSD. ***The Shareholders shall***

> *keep such Confidential Information and Materials <u>from public disclosure</u>* …

Sect. 5. (ECF No. 1-1, PageID #:19). "Confidential Information" if further defined as

> proprietary information provided to the Corporation by the Shareholders and any nonpublic information that the Corporation specifically marks and designates, either orally or in writing, as confidential or which, under the circumstances surrounding the information, ought to be treated as confidential ….

Sect. 5(a). (*Id.*) Defendants position is that the procedures contributed by Lipov, were already in the public record and therefore are not Confidential Information. New York law supports this. In a 2012 case, the court discussed a defendant's argument that "BLT menus cannot be confidential information since they are publicly available." *BLT Rest. Group LLC v. Tourondel,* 855 F Supp 2d 4, 24 (S.D.N.Y. 2012). Plaintiff in *BLT* argued "the notion of confidential information, is not limited to non-public information." *Id*. at 25.

The Court in *BLT* held that the argument that "confidential information" may include material that has been made public, is **indefensible** in light of the clarity and well-accepted meaning of the term. "**Confidential" is a word denoting secrecy, the very antithesis of public disclosure**. E.g., Confidential Definition, Merriam-Webster.com, http://www.merriam webster.com/dictionary/confidential (last visited Feb. 15, 2012) *Id*. at 26. (emphasis added). *see also, Gordon v Dino De Laurentiis Corp*., 141 AD2d 435, 436 (NY App. Div. 1st Dep't 1988) (information cannot be confidential if it was disclosed to plaintiff prior to the agreement).

There are also some Ohio cases and publications that would support the idea that only information that is not publicly disseminated is protected pursuant to a Confidentiality Agreement. *Eng'g Excellence, Inc. v. Meola*, 2002-Ohio-5412, ¶ 33. *Rainworks Ltd. v. Mill–Rose Co.*, 622 F.Supp.2d 650, 657–58 (N.D. Ohio 2009) (information in the public domain does not support a claim for breach of confidentiality). To be confidential, information must be in a

state of limited access from individuals, groups, bodies, and institutions generally. *Challenging Medical-Legal Norms*, 22 J Legal Med 1, 23 (2001).

Moreover, the text of the Agreement support this argument. Section 5 states "The Shareholders shall keep such Confidential Information and Materials **from public disclosure**" Sect. 5. It reasonably follows that Confidential Information is that which is not public.

In sum, because Plaintiff has not pled even a plausible guess as to which Confidential Information it is referring to, how it was used, and how it damaged Plaintiff, Defendants cannot prepare a defense and all claims based on confidential information should be dismissed.

Second, Plaintiff alleges Lipov granted an exclusive license to the plaintiff for Lipov's proprietary procedures (Compl. ¶ 9). However, the Shareholder Agreement reads as follows: "**in the event the Corporation ceases business operations or dissolves all rights assigned pursuant hereto shall revert to Lipov." Sect. 2** (ECF No. 1-1, PageID #: 18) (bolding added). Absent a provision in the corporate documents to the contrary, a director or officer may generally resign at will, and need not provide written notice. *See Zeltner v. Henry Zeltner Brewing Co.,* 66 N.E. 810, 812 (N.Y. 1903) ("[A]s a general rule, such officers may resign at will."). *Fearing v. Glynn* ,73 F. 116, 118 (2d Cir. 1896) ("[a director] can renounce his agency at will, [and] can manifest his purpose by oral notice as well…").

The Agreement contains no prohibition on a shareholder and/or director/officer resigning from the company. Lipov did exactly this by writing on July 8, 2019, and advised that he transferred his shares to DeFina. At that point, the corporation ceased doing business, and the Agreement did not require a formal wrap up, and all rights reverted to Dr. Lipov. As a result, there is no claim for use of Lipov's own procedures because all such confidential information reverted to Lipov by the terms of the Agreement, coupled with Plaintiff's failure to even provide

11

enough information to guess as to the Confidential Information, the claim should be dismissed.

### 2. Unenforceable Non-Compete

Plaintiff alleges Lipov breached his fiduciary duty by creating and operating a company in violation of a non-compete clause. (Compl. ¶ 20(d)). It is well established that post-employment covenants against competition "are not favored" under New York law and will only be enforced in limited circumstances. *Morris v. Schroder Capital Mgt. Intl.,* 7 N.Y.3d 616, 620 (N.Y. Ct. of Appeals, 2006); *BDO Seidman v. Hirshberg,* 93 N.Y.2d 382, 389 (1999) (citing *Reed, Roberts Assoc. v. Strauman*, 40 N.Y.2d 303, 307 (1976)) An agreement not to compete must "reasonable in time and area, necessary to protect the employer's legitimate interests, [and] not harmful to the general public and not **unreasonably burdensome to the employee**" *Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina*, 9 A.D.3d 805, 806 (NY App. Div. 3d Dep't 2004).

The restrictive covenant at issue in *Scott* failed to contain a geographical limitation, prevented the former employee from soliciting or working for any client of the employer, and the restriction was for two years. *Scott,* 9 A.D.3d at 806. The Appellate Division in *Scott* affirmed the trial court's decision in granting the defendant's motion for summary judgment dismissing the complaint because the restrictive covenant was not reasonable in time and area because it does not state a geographical limitation and bars the employee from soliciting and any customer for two years. *Id.; see also, Gilman & Ciocia, Inc. v Randello*, 24 Misc. 3d 1216(A) (NY Sup. Ct. Dutchess County, 2007) (the restrictive covenant "imposes an undue burden on Randello barring him from dealing with any customer …").

New York's Second Department's in, *Long Is. Minimally Invasive Surgery, P.C. v. St. John's Episcopal Hosp.*, 164 A.D.3d 575, 577 (NY App. Div., 2d Dep't 2018), *lv to appeal denied*, 32 N.Y.3d 913 (NY Ct. of App. 2019), held that a 10-mile radius of all of the plaintiff's

offices and affiliated hospitals, even those where defendant never worked, was geographically unreasonable, because it effectively barred him from performing surgery, his chosen field of medicine, in the New York metropolitan area. 164 A.D.3d at 578. Also, because it was so clearly overbroad, the Court questioned the good faith, and refused to partially enforce the clause. *Id.*

Here, the non-compete in the Shareholder Agreement is unenforceable and overbroad on its face. The clause contains **no geographic limitation,** and bars Lipov from practicing as a physician in his chosen practice area -- **anywhere in the world.** This alone should preclude enforcement. *See also Heartland Sec. Corp. v. Gerstenblatt*, No. 99 Civ. 3694(WHP), 2000 WL 303274, at *7 (S.D.N.Y. Mar. 20, 2000) (refusing to fully, or partially, enforce a non-compete with no geographic limitations). Moreover, combined with a three-year prohibition the Agreement is extremely overly broad in both scope and time.

*Long Is. Minimally Invasive Surgery, P.C.* eradicated a clause that sought to bar competition in several areas of New York because it prevented the physician from pursuing his chosen career. 164 A.D.3d at 578. Here, the situation is far worse because the clause seeks to prevents Lipov from working as a physician in his chosen field anywhere in the world for three years. *Scott* granted summary judgment when the clause was only two year, unlike the more burdensome three-year clause in this case. 9 A.D.3COmd at 806. The sheer overbreadth casts doubt on Plaintiff's goo faith in imposing / trying to enforce the clause, and therefore it should not blue penciled and the claim of fiduciary breach based on this clause should be dismissed.

### 3. Best Efforts

Plaintiff baldly alleges Lipov breached a fiduciary duty by violating a best-efforts clause in the Agreement. (Compl. ¶ 20(a)). New York courts have held that with "best efforts" clauses, it is essential that the agreement contain clear guidelines against which to measure such efforts

13

in order for such clause to be enforced. *Strauss Paper Co., Inc. v RSA Exec. Search, Inc.,* 260 A.D.2d 570, 571 (NY App. Div. 2d Dept 1999). Another New York court recently held that to be enforceable, a "best efforts" clause must have "external standards or circumstances [that] impart a reasonable degree of certainty to the meaning of the phrase best efforts." *Maestro W. Chelsea SPE LLC v. Pradera Realty Inc*., 38 Misc.3d 522, 954 N.Y.S.2d 819, 825 (Sup.Ct.2012) (quotation marks omitted); *Richbell Info. Services, Inc. v Jupiter Partners, L.P*., 309 A.D.2d 288, 304 (1st Dept 2003) (discussing a standard measurable against a clear set of guidelines).

Here, other than preparing training manuals after a procedure is developed, there is no other guidance in the Agreement as to what constitutes best efforts. As a result the clause is unenforceable, and Plaintiff has not sufficiently pled Best Efforts as a fiduciary breach.

### *4. Claims Based on Mike Modica*

As discussed above, Plaintiff alleged that Lipov told DeFina about a new competing company. As such, Plaintiff referred to a July 8, 2019, letter, wherein Lipov resigned all duties and shares of Plaintiff. (Compl. ¶ 15). This court can consider the letter on a Rule 12 motion, because it is "referred to in the complaint and [is] central to the plaintiff's claims." <u>McCready v. eBay, Inc</u>., 453 F.3d 882, 891 (7th Cir.2006). Via this letter, Lipov resigned as a shareholder, officer and director. As of July 8, 2019, he no longer had a fiduciary duty to Plaintiff or DeFina. Stella incorporated in 2020 (post-resignation), and even if the allegations are true (which they are not), there is no claim against Lipov for allegedly convincing Modica to invest in Stella. The claims based on this allegation should be dismissed.

**Summary -** Count II lacks facts to support a plausible pleading. The alleged Confidential Information is unidentified, and even so, was publicly disclosed and/or reverted to Lipov. The claim is based on an unenforceable restrictive covenant, and there is no guidance as to what Best

Efforts. Further, Plaintiff is missing elements required by Count II which relate to misconduct and damages (none are alleged except in general). This Count should be dismissed with prejudice.

**B. Count III should be dismissed with prejudice.**

Breach of contract requires plaintiff to prove that: (1) a contract exists (2) plaintiff performed in accordance with the contract (3) defendant breached its contractual obligations, and (4) damages. *34-06 73, LLC v Seneca Ins. Co.,* 2022 N.Y. Slip. Op. 06029 (NY Ct. App. Oct. 27, 2022). The non-breaching party is discharged from performing any further obligations under the contract and may elect to terminate the contract and sue for damages or continue the contract. *Markham Gardens L.P. v 511 9th LLC*, 38 Misc. 3d 325, 331 (Sup. Ct. 2012). As to breach of contract, Plaintiff notes that paragraph 3 of the Agreement requires Best Efforts, paragraph 5 prohibits disclosure of Confidential Information, and paragraph 10 provides relief for causing Modica not to invest. These three subjects were discussed above and are incorporated into this section. Based the above arguments, Plaintiff has not plausibly pled breach of contract and these allegations should be dismissed from the Complaint, with prejudice.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety, pursuant to Rule 12(b)(6).

> Respectfully submitted,
> Defendants Eugene Lipov ("Lipov") and Lipov Medical S.C. (Stella)
> */s/ Paul M. Bach*
> **BACH LAW OFFICES, INC              .**
> P.O. Box 1285
> Northbrook, IL 60065 Phone:
> 847-564-0808
> paul@bachoffices.com

15