IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Neuroscience Advanced Systems, Inc., a New York Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| | ) ) Case No. 22-cv-06847 |
| Eugene Lipov and Lipov Medical S.C. d/b/a Stella Center, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANTS, EUGENE LIPOV AND LIPOV MEDICAL S.C. D/B/A STELLA CENTER'S, REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF NEUROSCIENCE ADVANCED SYSTEMS, INC., A NEW YORK CORPORATION'S COMPLAINT**

Eugene Lipov ("**Lipov**") and Lipov Medical S.C. d//b/a Stella Center ("**Stella**"), (collectively, "**Defendants**"), through their undersigned counsels, submit this reply in further support of their Motion to Dismiss Plaintiff's Complaint ("**Compl**.") pursuant to Rule 12(b)(6) (ECF No. 11, "**Motion**") and in response to Plaintiff's Opposition. (ECF No. 16, the "**Opp.**").

**INTRODUCTION**

At their core, Plaintiff's claims are inextricably bound to a shareholder agreement ("the contract"), that is to be construed and governed by New York law. New York law should apply to all claims as these claims would not exist but for the contract. Nevertheless, Plaintiff failed to plausibly plead breach of contract and fiduciary duty claims against Lipov by, *inter-alia*, failing to identify the purported Confidential Information at issue in this case and relying on unenforceable non-compete and "best efforts" clauses. Plaintiff also failed to plead Accounting /Constructive trust against either Defendant by failing to plead claims that are non-duplicative of the contract and failing to plead a fiduciary duty and a transfer of property to Stella. Dismissal is

1

warranted.

## ARGUMENT

**I.    NEW YORK LAW SHOULD GOVERN ALL OF THE CLAIMS**

New York law should apply to all claims for three reasons. ***First,*** Plaintiff acknowledges that New York law should apply to Count III - breach of contract against Lipov. (**Opp.**, p. 4). Plaintiff does not challenge the validity of the choice of law provision which states, "[t]his Agreement shall be construed and governed by the laws of the State of New York . . .," (ECF No. 1-1, Ex. A, "**Contract,**" pp. 22-23), or offer other arguments as to why New York law should not apply to Count III. Thus, New York law should apply to Count III to Lipov.

***Second,*** Plaintiff's argues Illinois law should apply to Count I against Stella and Lipov for Constructive Trust and Accounting and Count II against Lipov for breach of fiduciary duty because (a) Stella is not a signatory and (b) the contract does not evidence an intent for the choice-of-law provision to govern all claims. (**Opp.**, p. 5). Plaintiff cites *Facility Wizard Software, Inc. v Southeastern Tech. Services, LLC*, 647 F. Supp. 2d 938, 943 (N.D. Ill. 2009), but this case supports Defendants' position. In *Facility Wizard Software* the court stated:

> In ascertaining a tort claim's dependence on a contract, courts consider whether: (1) the claim alleges a wrong based on the construction and interpretation of the contract; (2) the tort claim is closely related to the parties' contractual relationship; or (3) the tort claim could not exist without the contract.

647 F. Supp 2d at 943 (all quotations omitted). Plaintiff does not properly address these factors. As to Count I and II against Lipov, the scope of Lipov's fiduciary duty and entitlement to equitable relief is governed by, related to, and cannot exist without the interpretation of the Confidential Information which is discussed in the contract. (**Contract**, pp.16-17, ¶ 5(a)). This is true as well as to the purported "best efforts" clause (*Id*. at p. 16), and enforceability of the

2

non-compete in the contract (*Id.* at pp. 8-9, ¶ 10). Using the *Facility Wizard Software* factors, New York law should apply to all claims against Lipov.

***Lastly***, as to Count I against Stella (a non-signatory), Plaintiffs attempts to distinguish *Sealord Marine Co. v. American Bureau of Shipping*, 220 F.Supp.2d 260, 270 (S.D.N.Y.2002)), as not being Illinois law. (**Opp.**, pp. 5-6). Plaintiff overlooks that Illinois law provides that New York law applies to the contract, which not only states that it should be "construed" by New York law, but also "**governed**" the same. (**Contract,** pp. 22-23) (emphasis added). Thus, there is intent and New York law should "govern" which parties may invoke Agreement clauses.

Plaintiff cites <u>Jakubik v. Jakubik</u> which held an Illinois wife's attorney who was not a party to the contract could not assert a basis for applying Massachusetts law. 208 Ill App 3d 119, 122, 566 NE2d 808, 810 (Ill. App Ct 1991). However, <u>Jakubik</u> did not discuss *Sealord Marine Co.* categories (i.e., alter ego of a signatory, successor in interest, or an entity owned by a signatory). In *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.,* the court stated an entity that is not a party to a contract "cannot **typically** invoke a choice-of-law provision contained in the contract" 2012 IL. App. (2d) 110729, ¶ 8, 981 NE2d 1, 5, *as mod on denial of reh* (Dec. 7, 2012) (bolding added). However, *Bank of Am. Nat. Ass'n,* stated "Defendants do not appear to fit into any of these [*Sealord Marine Co*.] categories. Hence, defendants could not invoke the choice-of-law provision of the PSA even if they so desired." *Id.* at ¶¶ 8-9. Thus, if New York law applied to the PSA Agreement and Defendants fit into a *Sealord Marine Co*. category, it appears the court would have allowed Defendants to invoke the clause. This Court should do the same and allow Stella, (owned by signatory Lipov) (Compl. ¶ 3), to invoke the choice of law provision in favor of New York law.

3

## II. THE COURT CAN CONSIDER THE LETTER DATED JULY 8, 2019

Plaintiff argues that the Court should not consider the letter dated July 8, 2019, attached to the **Motion** but acknowledges the Court may do so when a document is referred to in the Complaint and is central to plaintiff's claims. *Brownmark Films, LLC v. Comedy Partne*rs, 682 F.3d 687, 690 (7th Cir. 2012). Plaintiff is correct that the document is not referred to by name (citing *Popper v. Kaech,* 20-CV-4383, 2021 WL 2986307, at *4 (N.D. Ill July 15, 2021 (unpublished) ("alluding…is not the same as referring")), but this unpublished case interprets "referred" too strictly. Other federal courts have held that it is proper to consider documents "alluded" to in a Complaint. *See Renz v. Schreiber*, 832 F Supp. 766, 771 (D.N.J. 1993) (considering documents "alluded to in plaintiffs' Consolidated Amended Complaint" [on] Rule 12(b)(6) motion…"). *Popper* is distinguishable as it delt with rank speculation as "Defendant did not cite a specific paragraph in the Complaint when making the [] claims" 2021 WL 2986307, at *4. Unlike *Popper,* Defendants argued that Paragraph six of the Complaint pled that "in or about 2019, Lipov informed DeFina that he was going to create a competing company…" (Compl. ¶ 6). As such, Plaintiff was "alluding" to the 2019 letter that intended to formalize an oral agreement, in which Lipov informed DeFina of the new company. This 2019 letter is central to Plaintiff's claims as it demonstrates that as of July 8, 2019, Lipov no longer had a fiduciary duty to Plaintiff, and more importantly, Plaintiff's corporation ceased operating. The 2019 letter is not counter-signed, but its purpose is not enforcement. The 2019 letter's purpose was to show that Lipov resigned and did not have fiduciary duties to Plaintiff when Modica allegedly invested with Stella, which incorporated in 2020 (**Motion**, p. 3). The letter is a corporate resignation and Plaintiff cannot say as a matter of law it should be excluded from 12(b)'s purview. The Court should consider the letter and dismiss all claims based on Lipov purportedly causing Modica to

4

invest in Stella and not Plaintiff.

### III. PLAINTIFF FAILS TO PLEAD CONSTRUCTIVE TRUST AND ACCOUNTING

Plaintiff incorrectly assumes Illinois law should apply. Even so, under New York law and Illinois law, claims for Constructive Trust and Accounting should be dismissed.

**1. Constructive Trust and Accounting Claims Against Stella**

As argued in Defendants' Motion, Plaintiff does not plead New York elements of constructive trust (Count I): (a) a fiduciary or confidential relationship with Stella, and (b) a promise by and/or that anything was transfer to Stella in reliance. (**Motion** p. 5). Similarly, New York accounting requires Plaintiff to plead a "fiduciary or confidential relationship," and that "money or property entrusted to" Stella. (*Id.* p. 6). Plaintiff does not argue in the Reponse that Plaintiff pled these required elements. Contra, Plaintiff relies on Illinois law arguing a claim for constructive trust may be contained with an accounting claim. (**Opp**., p. 8). Thus, under New York law the claim for constructive trust must be dismissed for failure to plead required elements.

However, even under Illinois law, dismissal of the Constructive Trust and accounting against Stella is still warranted. Plaintiff argues that Illinois constructive trust requires "property to serve as the res [] and possession of that res…by the person who is to be charged as the constructive trustee." *Candy Club*, 501 N.E.2d at 191. But, this does not alleviate Plaintiff's burden to plead facts to justify a constructive trust under Illinois law, including "actual or constructive fraud…fiduciary duty and a subsequent breach of that duty" or "duress, coercion or mistake" by Stella. *Natl. Union Fire Ins. Co. of Pittsburgh v DiMucci,* 2015 IL App (1st) 122725, ¶ 77, 34 NE3d 1023, 1045; and Jackson v. Callan Publishing, Inc., 2021 IL App (1st) 191458, 198 N.E.3d 1099, 459 Ill.Dec. 722 (Ill. App. 2021)Similarly, accounting under Illinois

law requires Plaintiff to plead "no adequate remedy at law" as to Stella (a non-fiduciary) and one of the following: (1) a breach of fiduciary relationship; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature. (Motion, p. 7, citing *Landers v. Fronczek,* 177 Ill. App. 3d 240, 245 (1988)) *See also Tufo v. Tufo,* 2021 IL App (1st) 192521, 196 N.E.3d 58, 457 Ill.Dec. 934 (Ill. App. 2021)). Plaintiff in any case has not pled a fiduciary relationship with Stella or fraud, or mutual accounts of a complex nature. (**Motion**, p. 7).

Plaintiff's attempts to overcome pleading defects by arguing that Plaintiff needs discovery as to the "exact amount of profits earned by the Defendants is not known to the Plaintiff without access to its books and records." (**Opp**., p. 10). Plaintiff also fails to address Defendants citation to *Devyn Corp. v. City of Bloomington,* 2015 IL App (4th) 140819, ¶ 71., which holds that "a trial court will not order an equitable accounting where doing so would be unnecessary." If Plaintiff set forth a viable claim against Stella, Plaintiff would be able to obtain that information from a non-fiduciary in formal discovery. Thus, the accounting claim is unnecessary. Plaintiff does not explain why it would be entitled to this information from a non-fiduciary prior to discovery.

*Finally,* Plaintiff does not plead inadequate remedy at law against Stella (**Motion**, p. 8). Rather, **in its brief**, Plainitiff argued Plaintiff has no adequate remedy at law because Stella is not a party to the Agreement. (**Opp**., p. 10). This brings to light a fatal flaw in the Complaint. Plaintiff has not pled a viable claim against Stella. Plaintiff by this statement critically admits a constructive trust is a remedy, not a cause of action. (**Opp**., p. 8, citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. DiMucci*, 34 N.E3d 1023, 1045 (Ill. App. Ct. 2015)). The same is true under Illinois law for accounting, *Candy Club*, 149 Ill App 3d at 501, and New York law for constructive trust and accounting. *Estate of Calderwood v ACE Group Intl. LLC*, 157 AD3d 190,

199 (NY App. Div., 1st Dept 2017) (constructive trust) and *Rye Police Ass'n v Chittenden*, 43 Misc. 3d 471, 475 (Sup. Ct. 2014) (accounting is a remedy). Under New York law, unjust enrichment requires "plaintiff [to] **establish that it conferred a benefit** upon the defendant, and that the defendant will obtain that benefit without adequately compensating the plaintiff therefore" *MT Prop., Inc. v. Ira Weinstein and Larry Weinstein, LLC*, 50 A.D.3d 751, 752 (NY App. Div. 2d Dept. 2008) (emphasis added). Illinois law recognizes unjust enrichment where a benefit was transferred to a Defendant by a third party in three situations: (1) the benefit should have been given to the Plaintiff, but the third party mistakenly gave it to the Defendant, (2) the Defendant procured the benefit from the third party through some type of wrongful conduct, or (3) the Plaintiff for some other reason had a better claim to the benefit than the Defendant. *Assn. Ben. Services, Inc. v Caremark RX, Inc.*, 493 F3d 841, 854 (7th Cir. 2007). Plaintiff's Complaint baldly asserts that Stella is using unidentified Confidential Information. But Plaintiff does not plead that <u>Plaintiff</u> conferred a benefit on Stella or supportive facts under Illinois law to plead mistake, wrongful conduct by Stella, or a superior claim to a benefit. This is especially true as the Plaintiff does not identify any Confidential Information. Not only is there no remedy - but there is also no claim against Stella and Stella should be dismissed from the lawsuit.

    **2. Claims Against Lipov**

    While there have been a closer call as to whether Illinois law applies to Stella, all of the claims against Lipov arise from his contractual relationship and New York law applies. Even if Plaintiff is correct that there is an exception under New York law that does not require the Plaintiff to plead the inadequacy of its legal remedy based on existence of a fiduciary relationship, (**Opp**., p. 9), New York still holds that an "equitable accounting claim cannot coexist with a breach of contract claim covering the same subject matter." *Ellington Credit*

*Fund, Ltd. v. Select Portfolio Servicing, Inc.,* 837 F. Supp. 2d 162, 207 (S.D.N.Y. 2011) (See also, **Motion**, pp. 5-6). Because a "fiduciary relationship or confidential relationship" is an element of accounting, *Metro. Bank & Tr. Co. v. Lopez,* 189 AD3d 443, 446, 137 N.Y.S.3d 319 (1st Dept. 2020), its existence would not negate cases holding an accounting claim cannot exist where the contract covers the same subject matter. *Ellington Credit Fund, Ltd.*, 837 F Supp 2d 162, 207 (S.D.N.Y. 2011) ("Even if Plaintiffs [pled] a fiduciary relationship…an equitable accounting claim cannot coexist with a breach of contract claim covering the same subject matter.")

Here, as to Lipov, Plaintiff attempted to plead breach of contract, breach of fiduciary duty claims and equitable remedies all based on the same subject matter of the Agreement.

- Confidential Information (Compl. ¶¶ 15, 25, 29(b)).
- Best Efforts (Compl. ¶¶ 10, 27, 29(a))
- Modica Investment ((Compl. ¶¶ 14, 25, 29(c))
- Competing Company (Stella) ((Compl. ¶¶ 12, 25, 29(b))

Therefore, the claim for accounting must be dismissed.[1] While *Mullin v. WL Ross & Co. LLC*, 173 A.D.3d 520 appears to only speak about accounting, even *Mullin* applies to constructive trust, when a fiduciary relationship or confidential relationship or a constructive trustee is declared, "to establish a claim for constructive trust, the plaintiff must make an allegation that is not merely 'duplicative of the breach of contract claim; but instead, must allege distinct harm or actions giving rise to a separate claim for a constructive trust." *Akerson Adv. & Mktg., Inc. v St. John & Partners Adv. and Pub. Relations, Inc.*, 89 F Supp 3d 341, 356 (N.D.N.Y. 2015). Plaintiff constructive trust claim is based on the same facts as the accounting claim (and the contract claim and fiduciary claims), and therefore dismissal is required.

---

[1] Similarly, under New York law, "a cause of action for breach of fiduciary duty that is merely duplicative of a breach of contract claim cannot stand." *Ellington.* 837 F Supp 2d at 193.

*Lastly, aside from duplication,* Plaintiff does not allege that there was a transfer to Lipov or identified any Confidential Information that was used. Indeed, Plaintiff merely seeks to ascertain what money Lipov (really Stella) made through a separate company based on some speculative, unidentified Confidential Information. This fails to state a viable claim for constructive trust under New York law and federal pleading standards. Dismissal is warranted.

### 3. PLAINTIFF FAILS TO PLEAD A CLAIM FOR BREACH OF FIDUCIARY DUTY

Plaintiff has not plausibly ped a breach of fiduciary duty claim. *First,* Plaintiff argues "Confidential Information" is a defined term in the contract. (**Opp.** p. 11). Even so, this does not bring Defendants any closer to knowing what information Plaintiff is accused of using and does not provide sufficient notice to investigate and prepare a defense. *See Tamayo v Blagojevich*, 526 F.3d 1074, 1085 (7th Cir 2008). Thus, the pleading is deficient in any case.

*Second,* Defendants argued that Confidential Information is not adequately pled, and the Court should be aware that the information contributed by Lipov to Plaintiff was already in the public domain and could not be Confidential – this is why the Complaint needs to plead facts. Plaintiff attempts to distinguish *BLT Rest. Group LLC v. Tourondel*, 855 F. Supp. 2d 4 (S.D.N.Y. 2012), arguing neurological treatment is different from a restaurant menu. While true, this does not refute the principal that once something is public, it cannot be confidential by definition and also under the language of the Agreement itself. (**Motion**, pp. 9-10, "The Shareholders shall keep such Confidential Information…from public disclosure…").

*Third,* Plaintiff argues that the Court should not consider the July 8, 2019, letter in finding to find that Lipov resigned and that his *own information reverted back to hm*. (**Opp.** , p. 12). The Letter clearly shows Lipov owed no duties to Plaintiff at the time Modica allegedly invested in Stella and that Plaintiff was not operating such that Lipov's information reverted to

9

him. Even so, Plaintiff does not allege what Confidential Information was used. For the reasons stated above, the Court should use its discretion to review the July 8, 2019, letter.

*Fourth,* Plaintiff states it is "not seeking in the Complaint to enforce the non-compete provision," but simultaneously states this "may be one example of how Lipov has breached the Agreement…" (**Opp**., p. 13). To deflect from the clear overbreadth of the non-compete, Plaintiff claims enforceability of the provision is a factual issue. However, under New York law, a Court can decide the reasonableness of the provision as a matter of law. *Aqualife Inc. v Leibzon,* 50 Misc. 3d 1206(A) (N.Y. Sup. King Cnty., 2016) ("Such geographically unlimited provisions are overbroad, unreasonable, and unenforceable as a matter of law."). Plaintiff does not argue the clause is reasonable, and therefore the facially overbroad non-compete should not be enforced for either a breach of contract and/or a breach of fiduciary duty claim.

*Finally,* Plaintiff has not demonstrated that the Best-Efforts clause should be enforced. Plaintiff argues the Agreement identifies the "goals to which Lipov's best efforts should be directed." (**Opp**., p. 13). But there are no external measurements to determine what "best efforts" means. For example, how many hours a week must a person spend, do they need to contribute any funds to ensure production? These are all external measurements that are lacking and therefore, the provision should not be enforced.

### 4. PLAINTIFF HAS NOT PLAUSIBLE PLED A BREACH OF CONTRACT

Plaintiff fault Defendants for "incorporate[ing] their arguments related to Count II to cavil that Count III is insufficiently pled. (Opposition, p. 14). However, the arguments made with respect to Count II demonstrate that Count III is insufficiently pled. Defendants have no idea what Confidential Information Plaintiff is referring to, and how or when it was used/disclosed to Stella. Defendants have established that Plaintiff is relying on unenforceable

provisions of the Agreement, including non-compete and best-efforts clauses and conclusory claims pled without any factual support. Thus, the breach of contract claim should be dismissed.

## **CONCLUSION**

THEREFORE for the reasons set forth herein, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety, pursuant to Rule 12(b)(6).

Respectfully submitted,
Defendants Eugene Lipov ("Lipov") and Lipov Medical S.C. (Stella)
*/s/ Paul M. Bach*
**BACH LAW OFFICES, INC** .
P.O. Box 1285
Northbrook, IL 60065
Phone: 847-564-0808
paul@bachoffices.com